## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NANCY J. HERMELER,

        Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

        Agency.

DOCKET NUMBER
DE-0752-13-0255-X-1

DATE: February 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

John Hermeler, Tolleson, Arizona, for the appellant.

Alfred Steinmetz, Esquire, Phoenix, Arizona, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The administrative judge issued a compliance initial decision finding the agency in partial noncompliance with the parties' settlement agreement in the underlying removal appeal. MSPB Docket No. SF-0752-13-0255-C-1,

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Compliance Initial Decision (CID) (Nov. 4, 2013). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 On July 10, 2013, the administrative judge issued an initial decision dismissing the appellant's appeal of her removal as settled. MSPB Docket No. DE-0752-13-0255-I-1, Initial Decision at 1 (July 10, 2013). Neither party filed a petition for review, and the initial decision became the final decision of the Board.

¶3 Following the appellant's petition for enforcement, the administrative judge found the agency in partial noncompliance with the settlement agreement and ordered it to take various actions to come into full compliance. CID at 7. Specifically, the administrative judge ordered the agency to mail the appellant documents reflecting that the agency cancelled her removal and substituted her voluntary resignation. CID at 7. On December 3, 2013, the agency submitted evidence of purported compliance. MSPB Docket No. DE-0752-13-0255-X-1, Compliance Referral File (CRF), Tab 1. The appellant did not file a response, despite the Board's January 6, 2015 order advising her that failure to respond would likely result in dismissal of her petition for enforcement. *See* CRF, Tab 3 at 1.

¶4 Because the agency has submitted evidence of purported compliance and the appellant has not challenged it, we now find the agency in compliance, assume the appellant is satisfied, and dismiss the petition for enforcement.

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.